NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DINA KARAMOY; et al., | No. 15-71860 |
| Petitioners, | Agency Nos. A095-315-677 |
| v. | A095-315-678 |
| | A095-315-679 |
| MERRICK B. GARLAND, Attorney General, | A095-315-680 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022**

Before: S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Dina Karamoy and her three adult children, natives and citizens of

Indonesia, petition pro se for review of the Board of Immigration Appeals'

("BIA") order denying their motion to reopen removal proceedings. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' second motion to reopen as untimely and number-barred, where it was filed over ten years after the final removal order, *see* 8 U.S.C. § 1229a(c)(7) (one motion to reopen permitted; must be filed within ninety days of the final removal order), and petitioners have not established changed country conditions in Indonesia to qualify for an exception to the filing requirements, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (movant must produce material evidence that conditions in country of nationality had changed); *see also Najmabadi*, 597 F.3d at 987-90 (evidence must be "qualitatively different" to warrant reopening); *cf. Kaur v. Garland*, 2 F.4th 823, 831-33 (9th Cir. 2021) (changed country circumstances shown where there were both changed circumstances in India of a personal nature *and* a relevant, material increase in violence against women generally in India).

In light of this dispositive determination, we need not reach petitioners' remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The temporary stay of removal remains in place until the issuance of the mandate. All other pending motions are denied as moot.

**PETITION FOR REVIEW DENIED.**